## Underhill *v.* Wynkoop.

*Landlord and tenant—Application of payments on account—Presumption.*

No specific appropriation having been made by a tenant in payment of rent, the law gives the landlord the right to apply it to arrears that had accrued prior to the month in which it was made. There is no authority for the proposition that where a receipt is given for rent " on account " it is presumed that it was for the rent of the particular month in which the payment was made.

*Evidence—Testimony as to legal conclusions.*

Where a plaintiff was permitted to testify to all the facts and circumstances connected with a question in issue, the court committed no error in refusing to permit him to testify to the legal conclusions which he drew therefrom.

Argued Oct. 3, 1900. Appeal, No. 10, Oct. T., 1900, by plaintiff, in suit of Albert G. Underhill against Cordelia D. Wynkoop, from judgment of C. P. No. 3, Phila. Co., March T., 1899, No. 473, on verdict for defendants. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Per Curiam.

Replevin. Before McMICHAEL, J.

The following facts appear from the record:

The writ issued April 24, 1899. The defendants avowed for rent in arrears under a lease of premises No. 3820 Spring Garden street, dated April 19, 1897, for one year from May 1, 1897, at a rental of $35.00 per month. Plaintiff pleaded "no rent in arrears" and "payment."

A written demand was made for a bill of particulars, and defendants replied in writing, alleging rent in arrears for the months of March and April, 1899, and a balance due on account of February, 1899, of $3.05.

At the trial the defendants' counsel produced and offered in evidence the lease, and alleged that rent accrued during the entire period of occupancy aggregating $840, and admitted payments aggregating $766.95, and claiming a balance of $73.05.

The defendants alleged costs of levy $6.20 and watchman's fees $12.00, and claimed to recover double costs.

[At the trial the court below sustained the objection of defendant to the admission of the receipt for rent for May, 1899, offered in evidence, as follows: "May 18, 1899. Received of A. G. Underhill $35.00 for rent of premises No. 3820 Spring Garden street, Phildelphia, due May 1, 1899, in advance." Objected to. Objection sustained. Exception for plaintiff.] [6]

[The court below sustained the defendant's objection to the question asked the plaintiff on examination in chief, as follows: "Q. Did you pay the rent for the month of March, 1899?" Objected to. Objection sustained. Exception for plaintiff.] [7]

[The court below also sustained defendant's objection to the question asked the plaintiff on examination in chief, as follows: "Q. Have you paid every month's rent as it accrued? A. I have." Mr. Williams objects and asks that the last question and answer be stricken from the notes, whereupon the court so ordered. Exception for plaintiff.] [8]

[And also sustained defendant's objection to the question asked the plaintiff on examination in chief, as follows: "Q. Is any rent that has accrued under the lease during any month or any portion of the term unpaid? A. According to my accounts I owe nothing." Objected to. Objection sustained. Exception for plaintiff.] [9]

Plaintiff submitted certain points, which points and answers are as follows:

[1. A bill of particulars having been furnished by the defendant setting forth the amount of rent claimed, and the date when due, the defendant is bound by that statement, and the burden is upon her to prove that the rent for the period so specified remains unpaid. As no such proof has been offered in this case the verdict must be for the plaintiff. *Answer :* Declined.] [1]

[2. The plaintiff having produced and offered in evidence receipts given specifically in payment of the rent for the month immediately before the period of March and April, 1899, for which the rent is claimed in this case, the presumption, in the absence of evidence to the contrary, is that no rent remains unpaid prior to the time of the receipt. *Answer :* Declined.] [2]

[3. The plaintiff having shown payments of rent during the said period of March and April, 1899, such payments are prima facie to be considered as paid on account of rent accruing during those months. *Answer :* Declined.] [3]

Defendant submitted among others the following point:

[4. Plaintiff's pleas are "no rent in arrears" and "payment." These put in issue the question whether all the rent due at the time of the distraint had been paid. The issue is not limited to the last two months of the term. Plaintiff would be entitled to show overpayments in previous months, and defendant would be entitled to prove underpayments. Defendant having made out a prima facie case, showing that $73.05 rent was in arrear at the time of the distraint, it became plaintiff's duty to pro-

duce evidence tending to show that no rent was in arrear. *Answer :* That is a correct statement of the law and I affirm it.] [4]

The court charged the jury in part as follows :

[Those payments, you will notice, are not framed exactly as these receipts are. That is, they are not receipts for the particular months in which the payments were made, but receipts on account, and, of course, that makes a difference, for the landlord then had a right to appropriate them to any rent which was due before that.] [5]

Verdict for defendant. Rent in arrear $112.45. Plaintiff appealed.

*Errors assigned* were (1–3) refusal of plaintiff's points, reciting points and answers. (4) In affirming defendant's fourth point, reciting point and answer. (5) To a portion of the judge's charge, reciting same. (6–9) Rulings on evidence, reciting same.

*C. L. Smyth,* for appellant.—All of the points submitted at the trial by the appellant were material and pertinent to the issue. The principles contended for appeared to be sustained by the weight of abundant authority.

The appellant's first point is based upon the fundamental principle of law, that the burden of proof is on the party seeking to recover. The burden is upon the avowant in replevin : Morris on Replevin (3d ed.), p. 190 ; Waltman v. Allison, 10 Pa. 464 : Com. v. Giles, 67 Mass. 469 ; Com. v. Snelling, 32 Mass. 321.

There is no proof in the case as to the period during which the rent claimed appears to be in arrear.

The method by which the defendant sought to make out a case is not to be found in any text book or decision. The learned trial judge should have entertained the motion on behalf of appellant, to give the jury binding instructions to find a verdict for the plaintiff.

These receipts cover the period mentioned in the bill of particulars : Young's Est., 16 Phila. 215.

The real contention in this case arose over the attempt of the

appellant to have the defendant allow the costs of repairing a water-closet, and the appellant appears to be right in insisting upon this, because the landlord is bound to make repairs to a water-closet: Crump v. Morrell, 12 Phila. 249; Scheerer v. Dickson, 7 Phila. 472; Knauss v. Brua, 107 Pa. 85; Fow v. Roberts, 108 Pa. 489.

It is certainly announcing a new doctrine to hold that a tenant is in constant peril of being obliged to prove the payment of all rent accrued under every renewal of the term from the very commencement of his tenancy. No such decision has ever been announced heretofore.

*Ira J. Williams*, with him *Alex. Simpson* and *Francis Shunk Brown*, for appellee.—Appellant says: " The real contention in this case arose over the attempt of the appellant to have the defendant allow the costs of repairing a water-closet." Admittedly there was no antecedent authority to make the repairs.

And in the absence thereof (notwithstanding appellant's inapplicable and overruled cases) the tenant and not the landlord must repair: Wheeler v. Crawford, 86 Pa. 327; Reeves v. McComeskey, 168 Pa. 571.

No specific appropriation was made of these payments, and the law applied them toward the rent due for January and February: Louisville Cotton Mills Co. v. Fritz, 155 Pa. 144; Com. v. Stambaugh, 164 Pa. 437.

Even if one of these receipts had read on account of that month's rent, this is merely prima facie evidence (Young's Estate, 16 Phila. 215), and the landlord is at liberty to show underpayments in previous months (Weber v. Rorer, 151 Pa. 487), which was exactly what appellant himself showed here.

These pleas admit the tenancy as laid in the avowry, and the tenant must prove that the rent has been paid: Hill v. Miller, 5 S. & R. 355; Williams v. Smith, 10 S. & R. 202; Alexander v. Harris, 4 Cranch, 299.

The plea " must be supported by proof that plaintiff has paid to avowant the rent claimed in the avowry: " Bandel v. Erickson, 3 Pa. Superior Ct. 389.

The fifth specification is apparently not pressed. It is bad in form, because it is not a fact that appellee presented any such point. The sentence complained of is an excerpt from

230, (1900).]                    Opinion of the Court.

the general charge.   Read in connection with the remainder of the charge (and indeed, considered by itself), it is unimpeachable.

PER CURIAM, October 22, 1900:

As the record does not show that a bill of particulars was filed or ordered to be filed, the plaintiff's first point might properly have been refused for that reason.   Moreover, giving the plaintiff credit for all the payments shown and applying the rule as to appropriation of payments, there was no variance between the proofs and the defendant's claim as set forth in the correspondence between counsel.

It is urged that when rent is payable monthly or quarterly a receipt for the last month's or the last quarter's rent is prima facie evidence of the payment of all rent previously accrued. But it does not follow that the plaintiff's second point should have been affirmed.   One reason that has. been suggested is that the receipt relied on as raising this presumption does not unequivocally show that it was given for the rent of any specific months.   But aside from that, there was sufficient evidence to warrant a jury in finding that the rent for previous months had not been paid.   In his general charge the learned trial judge recognized the legal principle, and submitted to the jury the question whether or not the presumption had been rebutted. In doing so we think he went quite as far as the plaintiff had a right to ask, under all the evidence.

No authority has been cited for the proposition, and we know of none, that where a receipt is given for rent "on account" it is to be presumed that it was for the rent of the particular month in which the payment was made.   No specific appropriation of such payment having been made by the tenant the law would apply it, or at least give the landlord the right to apply it, to arrears that had accrued prior to the month in which it was made.

In his avowry the defendant set up a lease dated April 19, 1897, at a yearly rent of $450, payable monthly in advance, and alleged that at the time of the distraint in April, 1899, the sum of $73.05 was in arrear.   The plaintiff pleaded "no rent in arrear," and "payment."   The court correctly instructed the jury that the issue, as thus made, was not limited to the last

two months of the term, and that the defendant having proved the lease and the occupancy under it, the burden of proving payment was then cast on the plaintiff. Unfortunately for him the payments shown by him left him in arrear the exact amount claimed by the landlord. We find no error in the instruction complained of in the fourth assignment.

The admission in evidence of the receipt dated May 18, 1899, would not have helped the plaintiff, but it was properly excluded because it was given after this suit was brought. It threw no light on the issue.

The objection (which by the way appears in the bill of exceptions, but was inadvertently omitted from the assignment) that the question referred to in the seventh assignment was leading was well taken. The plaintiff was permitted to testify fully to all the facts and circumstances connected with the payment in March, and the court committed no error in refusing to permit him to testify to the legal conclusion which he drew therefrom. The same remark applies with equal if not greater force to the eighth and ninth assignments.

The judgment is affirmed.